**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JUAN FERNANDO SANCHEZ GOMEZ,**

**Petitioner,**

**v.**

**MARKWAYNE MULLIN,** Secretary, U.S. Department of Homeland Security**; RODENY S. SCOTT,** Commissioner, United States Customs and Border Protection; **JAIME RIOS** in his official capacity as Acting Field Office Director for Los Angeles, U.S. Immigration and Customs Enforcement; **EDDY WANG**, Special Agent in Charge for Los Angeles, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; **WARDEN OF ADELANTO ICE PROCESSING CENTER**, in his/her capacity as warden of the ADELANTO ICE PROCESSING CENTER, and DOES 1 to 10, INCLUSIVE.

**Respondents.**

**NO. 5:26-cv-04742-KS**

**MEMORANDUM AND ORDER RE: 2ND VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is the 2nd Verified Petition for Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241 ("Petition") filed by Petitioner Juan Fernado Sanchez Gomez, on August 20, 2026. Petitioner is currently detained in U.S. Immigration and Customs Enforcement ("ICE") custody at the Adelanto ICE Processing Center ("Adelanto"). (Dkt. No. 1.) On August 21, 2026, Petitioner voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case, including entry of judgment. (Dkt. Nos. 3, 6.) On August 28, 2026, Respondents filed an Answer to the Petition (Dkt. No. 8) and, on September 1, 2026, Petitioner filed a Reply in support of the Petition (Dkt. No. 9.) The matter is fully briefed, and the Court here addresses the merits of the Petition.

For the reasons outlined below, the 2nd Verified Petition is GRANTED IN PART.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a second Petition challenging Petitioner's continued immigration detention during the pendency of the Government's appeal of an Immigration Judge's ("IJ's") order terminating removal proceedings. On August 17, 2026, this Court denied, without prejudice, the original Petition that challenged Petitioner's immigration custody. *See Sanchez Gomez v. Mullin et al.*, Case No. 5:26-cv-03322-KS, Dkt. No. 10. In those initial proceedings, the Department of Homeland Security ("DHS") had initiated removal proceedings against Petitioner charging him as removable under the Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i) based upon a criminal conviction for possession of a controlled substance and § 237(a)(2)(B)(iii) based upon his conviction for assault with a deadly weapon under California Penal Code § 245(a)(1). *Id.* at 1. The IJ subsequently "determined that DHS failed to establish removability under the charged grounds." *Id.* at 2. DHS had appealed the IJ's order terminating the removal proceedings to the Board of Immigration Appeals ("BIA"). *Id.* The initial Petition challenged Petitioner's continued detention despite the IJ's termination of removal proceedings.

Here, in the 2nd Verified Petition, Petitioner again challenges his continued and prolonged detention as a deprivation of his liberty "even though an [IJ] has adjudicated DHS's charged grounds of removability and terminated the removal proceedings." (Dkt. No. 1 ¶ 2.) DHS's appeal remains pending before the BIA. Petitioner, a lawful permanent resident of the United States, has been "continuously incarcerated in civil immigration detention since November 12, 2025." (*Id.* ¶ 1.)

Petitioner acknowledges that he was "initially charged . . . with removability based on only two criminal predicates: . . . a controlled-substance conviction under California Health and Safety Code § 11377(a), and an aggravated-felony crime-of-violence charge predicated upon California Penal Code § 245(a)(1)." (*Id.* ¶ 12.) Petitioner emphasizes, however, that recent Ninth Circuit authority confirms[1] and by DHS's own acknowledgement, § 245(a)(1) no longer qualifies as an aggravated-felony crime of violence. (*Id.* ¶ 14.) In addition, the remaining controlled-substance predicate has been vacated. (*Id.* ¶ 15.) Petitioner emphasizes that "the § 11377(a) conviction underlying [the controlled-substance] charge was vacated by the California Superior Court pursuant to Penal Code 1473.7(a)(1) because the conviction was legally invalid due to prejudicial error affecting Petitioner's ability to meaningfully understand, defend against, or knowingly accept its immigration consequences." (*Id.*)

Petitioner does not challenge DHS's right to seek the appeal of the IJ's determination but argues that "DHS's right to litigate does not establish a corresponding constitutional right to incarcerate Petitioner for however long that litigation requires." (*Id.* ¶ 4.) Petitioner maintains that the sole reason for his continued detention is that "DHS elected to appeal the [IJ's] termination order to the [BIA]." (*Id.*)

\\

\\

---

[1] *See United States v. Gomez*, 165 F.4th 1199 (9th Cir. 2026).

## PETITIONER'S CLAIMS FOR RELIEF

Petitioner maintains that his continued detention, while Respondents pursue appeal of the IJ's ruling before the BIA, violates the Due Process Clause of the Fifth Amendment. (*Id.* at 5.) The Petition presents two claims for relief. Count I asserts a Fifth Amendment due process claim for deprivation of liberty without procedurally adequate present justification. (*Id.* ¶¶ 201-215.) In Count II, Petitioner presents a Fifth Amendment substantive due process claim in which he maintains that his continued civil incarceration has become excessive in relation to the Government's regulatory purposes. (*Id.* ¶¶ 216-229.) Petitioner seeks immediate release from custody as the appropriate habeas remedy or alternatively, a "prompt individualized custody hearing within seven days." (*Id.* ¶¶ 230-236.) Petitioner urges that release from custody is warranted here because "DHS does not presently possess a determination that Petitioner is removable." (*Id.* ¶ 10.)

## RESPONDENTS' ANSWER

On August 28, 2026, Respondents filed an Answer to the Petition, in which they argue that the Petition should be denied for three independent reasons. First, Respondents emphasize that Petitioner received a "legally adequate *Rodriguez* [hearing]" where DHS carried its burden, establishing by clear and convincing evidence that Petitioner is a present danger and flight risk, thereby "rendering his request for relief via immediate release or a new bond hearing moot." (Dkt. No. 8 at 1, 6.) Second, "Petitioner has not exhausted administrative remedies given he failed to timely appeal the IJ's *Rodriguez* bond denial to the [BIA], the DHS appeal remains pending, and Petitioner fails to demonstrate why the BIA should be bypassed at this procedural juncture." (*Id.* at 2.) Third, Respondents insist that "Petitioner's detention is authorized by law and is per se not punitive because he is in ongoing removal proceedings." (*Id.*)

\\

\\

Respondents emphasize that Petitioner, a citizen of Guatemala and legal permanent resident of the United States, was placed in removal proceedings as a result of his criminal convictions, and Respondents included with the Answer a partially redacted copy of Petitioner's Form I-213. (*Id.* (Ex. 1).) The I-213 states, in relevant part, that Petitioner "was identified as the subject of an investigation targeting foreign-born individuals with criminal convictions. Sanchez has a criminal history involving multiple convictions." (*Id.* at 15.) Since being taken into immigration custody, Petitioner has had two bond determination hearings, both of which resulted in the IJ denying release on bond. (*Id.* at 1-2.) On April 15, 2026, Petitioner had a bond hearing where the IJ denied bond, finding Petitioner failed to show that his release "would not pose a danger to the community or pose a significant risk of flight." (*Id.* at 1-2 (citing Ex. 2).) On May 20, 2026, Petitioner had a second bond hearing where the IJ again found "Petitioner failed to demonstrate that his release would not pose a danger to the community or pose a significant risk of flight." (*Id.* at 2 (citing Ex. 3).) On this record, Respondents maintain that Petitioner has not been deprived of due process.

Indeed, Respondents emphasize that none of the three factors pertinent to the due process analysis under *Matthews v. Eldrige*, 424 U.S. 319 (1976) weigh in Petitioner's favor. (*Id.* at 3.) Respondents recognize that Petitioner "has a legitimate liberty interest in his freedom," but they emphasize that "§ 1226(c) does not on its face limit the length of the detention it authorizes." (*Id.* at 3.) With respect to the first *Matthews* factor, Respondents point out that under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), after six months of detention, Petitioner may request a bond hearing and at that proceeding the government will bear the burden of establishing that he is a flight risk or danger to the community by clear and convincing evidence. (*Id.* at 3.) As to the second *Matthews* factor, here too, Respondents point to the availability of a bond hearing after six months where it will be the government's burden to justify Petitioner's continued detention. According to Respondents, the availability of these "procedures sufficiently protect Petitioner's liberty interest and mitigate the risk of erroneous deprivation." (*Id.* at 5.) Based on these two hearings, Respondents argue that Petitioner's

request here for immediate release or a new bond hearing is "moot." (*Id.* at 6.) As to the third *Matthews* factor, Respondents argue that the sovereign's control over immigration matters weighs heavily towards preventing noncitizens from remaining in the United States in contravention of U.S. law. (*Id.*)

Respondents also point out that in denying the earlier habeas petition, in August 2026, this Court reasoned that the DHS administrative appeal prevented the order terminating the removal proceedings from becoming final and thus, § 1226(a) continues to provide detention authority. (*Id.*) In that earlier analysis, the Court also noted that Petitioner had had two prior bond hearings, but did not appeal either of them, which undercut any risk of erroneous deprivation of liberty. (*Id.*) Thus, Respondents emphasize that DHS's pending appeal "leaves Petitioner's removal proceedings administratively pending." (*Id.* (quotation omitted).) Finally, Respondents argue that this Court lacks jurisdiction to overturn the IJ's bond decision. (*Id.* at 6-9.)

**PETITIONER'S REPLY**

In the Reply, Petitioner emphasizes that Respondents do not "meaningfully address the central issue presented by this renewed habeas proceeding" because Petitioner is not asking the Court to reverse the IJ's two custody determinations (April 15 and May 20, 2026). (Dkt. No. 9 at 2.) Instead, Petitioner insists that the 2nd Verified Petition presents a different issue: whether Petitioner's continued prolonged custody during the pendency of DHS's appeal of the IJ's ruling terminating the removal proceedings violates Petitioner's right to due process under the Fifth Amendment. (*Id.* at 3.) Petitioner urges that the relief sought in this second petition is not foreclosed by the Court's adjudication of the prior petition and emphasizes that he

> accepts this Court's prior determination that DHS's timely appeal prevents the termination order from becoming administratively final and that § 1226(a) remains the statutory source of custody authority.

> But § 1226(a) says the Government **may** detain; it does not establish that every continuing exercise of that discretionary authority is constitutionally reasonable for whatever duration administrative litigation may require.

(*Id.*) Petitioner further notes that despite the strict statutory provisions that govern immigration detention and limit judicial review of detention determinations, the "Supreme Court has repeatedly recognized that immigration detention authorized by statute remains constrained by due process." (*Id.* (internal citations omitted).) Petitioner points out that Respondents themselves appear to be unclear about which statutory provision governs Petitioner's detention here: discretionary detention under § 1226(a) or mandatory detention under § 1226(c). (*Id*. at 4.) Petitioner underscores that this Court, in its earlier Order, already held that § 1226(a) governs. (*Id*.) Petitioner insists that the distinction is "consequential because Respondents use supposed mandatory detention to diminish Petitioner's liberty interest under *Mathews*." (*Id.*)

Furthermore, Petitioner contends that Respondents' reliance upon the 2022 *Martinez* decision is flawed because the Supreme Court vacated that decision and the Ninth Circuit's superseding decision in 2024 holds that "dangerousness is a reviewable mixed question of law and fact." (*Id.* at 4-5 (citing *Martinez v. Clark,* 124 F.4th 775, 779, 781-85 (9th Cir. 2024).) On that basis, Petitioner insists that "[t]he prior judgment does not foreclose [Petitioner's] present claim." (*Id.* at 5.) Rather, Petitioner, insists, "[i]t supplies its constitutional baseline." (*Id*. at 5.)

## LEGAL STANDARDS

### I. <u>Writ of Habeas Corpus</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020).

## II. <u>Due Process Under the Fifth Amendment</u>

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. *See* U.S. Const., amend. V. These protections extend to noncitizens present in the United States. *See, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam) (internal quotation marks omitted) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in the context of removal proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."); *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (internal quotation and alterations omitted) ("The Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).

The Due Process Clause provides both procedural and substantive protections. *See, e.g.*, *Regino v. Staley*, 133 F.4th 951, 959 (9th Cir. 2025) (internal quotation omitted) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process."). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022)

(collecting cases and applying the *Mathews* test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)). Under *Mathews*, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 332, 335.

"Substantive due process protects individuals from state action that interferes with fundamental rights." *Regino*, 133 F.4th at 959-60. Governmental action that infringes a fundamental right is constitutional only if "the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 302 (1993). By contrast, governmental action that does not infringe a fundamental right survives "substantive-due-process scrutiny so long as [the action is] rationally related to legitimate government interests." *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1085 (9th Cir. 2015) (internal quotation omitted). To assess whether there has been a violation of a fundamental right, courts begin with "a careful description of the asserted fundamental liberty interest." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (internal quotation marks omitted).

At a minimum, procedural due process requires "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Moreover, "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

With this framework in mind, courts must then decide whether the asserted interest is "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if it was sacrificed."

*Khachatryan v. Blinken*, 4 F.4th 841, 858 (9th Cir. 2021) (internal quotation and alterations omitted).

## DISCUSSION

### I. Jurisdiction

As a preliminary matter, the Court has jurisdiction to review this habeas petition. Respondent argues that the Court lacks jurisdiction to overturn the IJ's bond decision. (Dkt. No. 8 at 7-10.) Congress has placed limits on federal courts' review of bond determinations under 8 U.S.C. § 1226. Specifically, § 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." As such, § 1226(e) precludes a noncitizen from "challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (plurality) (citation modified). However, federal courts retain jurisdiction to consider constitutional claims or questions of law regarding bond determinations, including "mixed questions" involving the application of law to facts. An immigration courts' determination that a noncitizen presents a danger or risk of flight is such a "mixed question" amenable to federal court review. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024).

However, as Petitioner contends, the issue presented here is not a challenge to the prior unsuccessful bond hearings. (Dkt. No. 9 at 15.) Instead, the 2nd Verified Petition presents a more nuanced question of whether Petitioner retains a due process interest to be relieved of prolonged deprivation of freedom during the pendency of *DHS's appeal* seeking to reverse the IJ's order that terminated removal proceedings. Indeed, in the February 24, 2026 Order, the IJ

made the following findings:

> [Petitioner] met . . . the burden of providing that [he] is clearly and beyond a doubt entitled to admission to the United States is not inadmissible as charged § C.F.C. § 1240.8(b)(-(c); and Other. . . . Vacatur of underlying conviction under CPC § 1473.79a)(1).

(Dkt. No. 8 at 30 (Ex. 4).)

After reviewing the parties' submissions and relevant case law, the Court concludes that the narrow due process issue presented here is not controlled by 1226(e)'s statutory prohibition and the prior judgment does not foreclose the specific claim presented here. Instead, the adequacy of due process to which Petitioner is entitled is properly analyzed under the balancing test outlined in *Mathews v. Eldridge*. Indeed, as the Supreme Court has emphasized, "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrisey v. Brewer,* 408 U.S. 471, 481 (1972).

## II. <u>Administrative Exhaustion</u>

As another preliminary matter, the Court addresses exhaustion, as Respondents contend that Petitioner is not entitled to further due process because he did not seek review of the IJ's two prior denials of bond that found Petitioner a flight risk and danger to the community based on his prior convictions, and because Petitioner has failed to exhaust administrative remedies. While the exhaustion requirement "is prudential, rather than jurisdictional, for habeas claims" such that a court may waive the requirement, courts may nevertheless require exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes

and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (*quoting Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). Nonetheless, courts "have discretion to waive a prudential requirement" if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 998, 1000 (9th Cir. 2004).

Here, Petitioner frames the question presented here as a new and different issue of whether Petitioner may continue to be held in detention even though the factual predicates supporting the underlying convictions no longer provide a basis for mandatory detention, the IJ has now terminated the removal proceedings, and Respondents have sought appeal of the IJ's ruling terminating the removal proceedings. The Court finds that a waiver of the exhaustion requirement is warranted as none of the *Hernandez* factors justify the Court to *require* exhaustion. 872 F.3d at 988. First, an appeal of the bond hearing and the BIA's expertise are not necessary to decide the questions at issue here—whether the Petitioner's prolonged detention violates due process. *See, e.g.*, *Moscui v. Semaia, No. 5:26-CV-05748-MBK*, 2026 WL 3027140, at *4 (C.D. Cal. Oct. 8, 2026) (finding that waiver of exhaustion was warranted where petitioner "raises legal and constitutional challenges to his arrest and detention that would not be before the BIA and, in any event, the BIA could not consider because it 'does not have jurisdiction to determine the constitutionality of the statutes it administers'" (quoting *Padilla-Padilla v. Gonzales*, 463 F.3d 972, 977 (9th Cir. 2006)). Second, because Petitioner's habeas petition includes due process claims, the administrative scheme is likely futile. Lastly, "[w]here the issue is whether procedural due process was violated, the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error." *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026). Consequently, the Court exercises

its discretion to forgo the exhaustion requirement in this case. *Laing*, 370 F.3d at 998.

**III. <u>Procedural Due Process</u>[2]**

Considering the first factor, the private interest that will be affected by the official action, Petitioner, a citizen of Guatemala who has long lived in the United States as a lawful permanent resident, has an undeniable interest is preserving his liberty. *See Diaz*, 53 F.4th at 1207 (quoting *Singh*, 638 F.3d at 1208) ("We have also held, more generally, that an individual's private interest in freedom from prolonged detention is unquestionably substantial." (citation modified)). Petitioner has been detained for a prolonged period for over one year. *See Diouf v. Napolitano*, 634 F.3d 1081, 1091 (9th Cir. 2011) (holding that detention becomes "prolonged" once it continues beyond six months). Moreover, Petitioner continues to be detained because of "DHS's appeal rather than his own litigation decisions." *Expinoza-Gallo v. Chestnut*, No. 1:26-CV-01429-JLT-HBK (HC), 2026 WL 2295677, at *5 (E.D. Cal. Aug. 10, 2026), *report and recommendation adopted sub nom. Expinoza-Gallo v. U.S. Dep't of Homeland Sec.*, No. 1:26-CV-01429 JLT HBK, 2026 WL 3205087 (E.D. Cal. Oct. 26, 2026). Second, the risk of erroneous deprivation of Petitioner's liberty interest is high given that both the statutory grounds on which the IJ based the initial- and now terminated- removal proceedings are no longer valid. Third, the government's interest in pursuing its immigration objectives, while important, does not eviscerate the fundamental principles of individual liberty and due process on which the Constitution itself rests. Indeed, "[t]he effort and cost required to provide Petitioner with procedural safeguards is minimal." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025); *see Qian Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (finding "any fiscal or administrative burden the

[2] Petitioner additionally argues that his detention violates substantive due process (Dkt. No. 1.) However, since this Court concludes that Petitioner is entitled to a bond hearing on his procedural due process claim, the Court finds it unnecessary and inexpedient to address the remaining claim. *Huynh v. Marin*, No. 5:26-CV-02405-SP, 2026 WL 1772734, at *3 (C.D. Cal. June 16, 2026). Petitioner may raise this claim again in any subsequent habeas petition.

additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government" to be minimal).

Petitioner seeks his immediate release, or alternatively, a bond hearing. The Court grants Petitioner's alternative request for relief in the form of a bond hearing. The Court orders that Petitioner be afforded an opportunity to be heard at a further bond hearing before an Immigration Judge solely to consider whether Petitioner should be entitled to bond during the pendency of the DHS appeal.

**CONCLUSION**

For the reasons discussed above, the Petitioner is **GRANTED IN PART**. (1) Respondents are ordered to provide Petitioner with individualized custody hearing before an Immigration within seven (7) days of the date of this Order. (2) Petitioner's request for immediate release is DENIED.

DATE: November 23, 2026

Karen L. Stevenson

HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE